IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CITGO PETROLEUM CORPORATION and CITGO REFINING AND CHEMICALS COMPANY L.P.<br><br>    Plaintiffs,<br><br>V.<br><br>M/T MARAN ORPHEUS, its engines, tackle, etc. *in rem* and RONY SHIPPING LTD *in personam* and MARAN TANKERS MANAGEMENT INC *in personam*<br><br>    Defendants. | CIVIL ACTION NO. _____<br><br>Admiralty Fed. R. Civ. P. 9(h) |

# PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

Plaintiffs CITGO PETROLEUM CORPORATION and CITGO REFINING AND CHEMICALS COMPANY L.P. (collectively the "CITGO Plaintiffs") file this Original Verified Complaint against the M/T MARAN ORPHEUS, its engines, tackle, etc., *in rem*, (the "Vessel") and against RONY SHIPPING LTD ("RONY" or "Owner"), *in personam,* and MARAN TANKERS MANAGEMENT, INC ("MARAN" or "Manager"), *in personam*, (collectively "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1.1   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is founded on 28 U.S.C. § 1333 and § 1331.

1.2   Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas and

a substantial part of the property that is subject of the action is situated in the Southern District of Texas. Additionally, the Vessel is currently berthed at PCCA Oil Dock #1, in the port of Corpus Christi, and within the Southern District of Texas.

## II. PARTIES

2.1    CITGO PETROLEUM CORPORATION is a corporation organized under the laws of Delaware and has its principal place of business in Harris County, Texas

2.2    CITGO REFINING AND CHEMICALS COMPANY L.P. is a limited partnership organized under the laws of Delaware and has its principal place of business in Harris County, Texas.

2.3    The Vessel, IMO No. 9868168, is an oil tanker currently within the Southern District of Texas and currently within the jurisdiction of this Honorable Court. It is currently berthed at PCCA Oil Dock #1 in the Port of Corpus Christi.

2.4    RONY SHIPPING LTD, on information and belief, owns the Vessel and is a foreign company with its principal place of business in Athens, Greece, at 216-226, Doiranis Street, Kallithea, 176 74.

2.5    MARAN TANKERS MANAGEMENT INC, on information and belief, manages the Vessel and is a foreign company with its principal place of business in Athens, Greece, at 216-226, Doiranis Street, Kallithea, 176 74.

## III. CLAIMS

3.1    This is a Complaint *in rem* against the Vessel pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Cases and 46 USC 31301(5)(b). This Complaint arises from a maritime tort and/or breach of a maritime warranty committed upon the

navigable waters of the United States.  This is also a Complaint *in personam* against RONY, the owner of the Vessel, and MARAN, the manager of the vessel.

    3.2    Specifically, on or around April 16, 2024, while attempting to ultimately berth at another facility, the Vessel struck the CITGO Plaintiffs' dock fender and other property located at CITGO Dock #8, with excessive and unnecessary speed and force, causing damage to the fendering, mooring, and breasting structures, terminal equipment, and/or the CITGO Plaintiffs' facility at CITGO Dock #8.

    3.3    These damages proximately resulted from Defendants' respective conditions, acts and/or omissions including, but not limited to:

    (a)    failure and/or refusal to exercise reasonable diligence in preventing the incident;

    (b)    failure and/or refusal to exercise reasonable diligence in monitoring the surrounding conditions;

    (c)    failure and/or refusal to exercise reasonable diligence to compensate for the surrounding conditions;

    (d)    unseaworthiness;

    (e)    failing to maintain a safe and prudent speed;

    (f)    failing to control the Vessel's position while navigating;

    (g)    striking the CITGO Plaintiffs' facility, property, and/or equipment while not attempting to berth at the CITGO Plaintiffs' facility; and

    (h)    failing to properly communicate and coordinate with the assist tugs.

Each of these acts and/or omissions constituted negligence, breach of contract and/or breach of express and/or implied warranties, including the warranties of seaworthiness and workmanlike performance.

3.4     The CITGO Plaintiffs invoke and rely upon the doctrine of *res ipsa loquitor* because the character of the incident was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence exclusively was within Defendants' control.

3.5     Each Defendants' acts or omissions was a proximate case of the incident, and of actual, incidental, and consequential damages to the CITGO Plaintiffs. Those damages include, but are not limited to, reasonable and necessary costs and expenses for surveys, inspections, repairs, replacement, restoration, economic losses, and claimed demurrage. As best as presently can be determined, the repair and replacement costs alone exceed the amount of $810,000. At all times material, the CITGO Plaintiffs mitigated their damages in a commercially reasonable manner.

## IV. PRAYER

4.1     The CITGO Plaintiffs respectfully pray:

(a)     That process in due form of law, according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against the Vessel, her engines, tackle, etc., including a warrant for the arrest of the Vessel, her engines, tackle, etc., and that all persons owning or claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, her engines, tackle, etc., shall be seized and may be condemned and sold to pay the demands of the CITGO Plaintiffs aforesaid, together with interest, fees and costs,

(b)     That a Rule C lien may be declared to be a valid and subsisting lien upon the Vessel, her engines, tackle, etc., and prior and superior to the interest, liens and claims of any and all persons, firms or corporations whatsoever.

(c) That this Honorable Court shall direct the manner in which actual notice of the commencement of this suit shall be given by the CITGO Plaintiffs to the Owner, Manager, or individual in charge of the Vessel, to the captain, master, or other ranking office of the Vessel, as well as to those persons, firms, or corporations who may have recorded preferred liens on the Vessel; and

(d) That judgment be issued against the Vessel, and her engines, tackle, apparel, appurtenances, etc., *in rem*, in the full amount demanded under this Complaint, as it may be amended, plus interest, charges, the cost of seizure and custodian expenses, other costs and attorneys' fees, as well as any and all other amounts required to be paid to the CITGO Plaintiffs as a result of its damages described above;

(e) That in due course, the Vessel be ordered sold, and that the proceeds of the sale be applied to the amounts owed to the CITGO Plaintiffs;

(f) That the CITGO Plaintiffs reserve their right to proceed against RONY SHIPPING LTD and/or MARAN TANKER MANAGEMENT INC for any deficiency that may remain due after applying the available proceeds of the sale of the Vessel to the judgment herein; and

(g) That the CITGO Plaintiffs have such other and further relief as in law, admiralty, and justice it may be entitled to recover.

        Respectfully submitted,

        /s/*Ronald W. Dennis*
        Ronald W. Dennis, Attorney in Charge
        Federal I.D. No. 33889
        802 N. Carancahua, Suite 1300
        Corpus Christi, Texas 78401
        (361) 884-8808

(361) 884-7261 Facsimile
**ATTORNEY FOR PLAINTIFFS,**
**CITGO PETROLEUM CORPORATION and CITGO REFINING AND CHEMICALS COMPANY L.P.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CITGO PETROLEUM CORPORATION and CITGO REFINING AND CHEMICALS COMPANY L.P.<br><br>Plaintiffs,<br><br>V.<br><br>M/T MARAN ORPHEUS, its engines, tackle, etc. *in rem* and RONY SHIPPING LTD *in personam* and MARAN TANKERS MANAGEMENT INC *in personam*<br><br>Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>Admiralty Fed. R. Civ. P. 9(h) |

### VERIFICATION AND DECLARATION
### OF ELBERT OCAÑAS

My name is Elbert Ocañas. I am over the age of 21, of sound mind, and have never been convicted of a felony. I am employed by CITGO REFINING AND CHEMICALS COMPANY L.P., as Senior Corporate Counsel. I am authorized to make this verification on behalf of CITGO REFINING AND CHEMICALS COMPANY L.P. and CITGO PETROLEUM CORPORATION.

As part of my job, I am familiar with the business and operations of CITGO REFINING AND CHEMICALS COMPANY L.P. and CITGO PETROLEUM CORPORATION, which own and/or operate one or more facilities along the Port of Corpus Christi, Texas, including CITGO Dock #8. I have read CITGO REFINING AND CHEMICALS COMPANY L.P. and CITGO PETROLEUM CORPORATION'S Original Verified Complaint and know the contents thereof

contained in Section III. Based upon my own personal knowledge and records kept in the ordinary course of business, the information contained in Section III of said Complaint is true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 17, 2024.

Signature: _____
Elbert Ocañas